**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Danny COOK, Defendant—Appellant.**

No. 04–50293.

D.C. No. CR–02–00325–RMT–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Dec. 1, 2005.

Lee S. Arian, Esq., Ronald L. Cheng, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Before CANBY, SILER, and BERZON, Circuit Judges.

MEMORANDUM *

Danny Cook appeals his conviction and sentence for making false statements in violation of 18 U.S.C. § 1920. The parties recognize that the district court violated Federal Rule of Criminal Procedure 30(b) by failing to inform the parties before closing arguments that it would give an aiding and abetting instruction. Because this error was prejudicial, we reverse the judgment and remand for a new trial.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Federal Rule of Criminal Procedure 30 states that "[t]he court must inform the parties before closing arguments how it intends to rule on ... requested instructions." FED. R.CRIM. P. 30(b). " 'Failure to comply with Rule 30 is reversible error ... only if counsel's closing argument was prejudicially affected thereby.' A party suffers prejudice if it 'was unfairly prevented from arguing his or her defense to the jury or was substantially misled in formulating and presenting arguments.' " *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir.1993) (citations omitted) (quoting *United States v. Gaskins*, 849 F.2d 454, 458 (9th Cir.1988)). The question is whether this court can "conclude that the effectiveness of counsel's argument and hence of appellant's defense was not impaired by counsel's inaccurate information regarding the court's charge." *Gaskins*, 849 F.2d at 460 (internal quotation marks omitted).

In *Gaskins*, a district court had violated Rule 30(b) by failing to inform counsel before closing arguments that it would give an aiding and abetting instruction. We held that the error was prejudicial because the defense counsel in that case had not argued against an aiding and abetting theory during closing argument. Instead, her argument "focused on the question whether her client had directly participated" in the crime. *Id.* We noted, too, that the defense counsel could have made several arguments about why her client had not aided and abetted the crime. We concluded that her argument was therefore prejudicially affected by the Rule 30 error and reversed the judgment. *See id.*

In the present case, Cook's counsel did not argue against an aiding and abetting theory during closing argument. Quite to the contrary, his argument—that Cook was not liable if he did not personally complete and sign the Department of La-

bor forms—assumed that Cook's liability depended on his direct participation in the crime. Had Cook's counsel known that the jury would be instructed on aider and abettor liability, then he could have examined during closing argument the government's evidence relating to whether Cook had the specific intent to facilitate the commission of a crime by another and whether the government had proven that someone else had committed the underlying substantive offense. *See id.* at 459 (outlining the elements necessary to convict a defendant under an aiding and abetting theory).

The district court here, unlike in *Gaskins*, had not resolved the question whether to give the jury an aiding and abetting instruction before closing arguments. That distinction between this case and *Gaskins*, however, does not affect the prejudice analysis. Rule 30 requires that the parties be informed of the instructions, one way or the other, before closing argument. Lack of direct participation had been Cook's defense from the outset, so it was predictable that his closing argument would rely on that defense, as it did.

We conclude that, as was the case in *Gaskins*, it is not possible in the present case to "conclude that the effectiveness of counsel's argument and hence of appellant's defense was not impaired by counsel's inaccurate information regarding the court's charge." *Id.* at 460 (internal quotation marks omitted). We therefore reverse the judgment and remand for a new trial. Because we reverse the judgment, we do not reach Cook's other claims.

REVERSED.